UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTONIO C. ARMOUR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-308 |
| | ) | (1:08-CR-7) |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 39-2], filed on November 2, 2009, by the Petitioner who is now proceeding *pro se* in this matter. On November 3, the Petitioner submitted Argument in Support [DE 40]. On November 4, the Petitioner asked the Court to amend its Judgment [DE 34] to have his federal sentence run concurrently with a sentence issued by a state court. On December 3, the Respondent (hereinafter the Government) filed a Response [DE 43], and on December 11, the Petitioner filed a Reply [DE 44], which the Petitioner titled "Response to Grant Motion under 28 U.S.C. § 2255." On January 7, 2010, the Petitioner filed a Letter [DE 45], requesting confirmation that his Reply was filed. For the following reasons, the Petitioner's Motion will be denied.

**BACKGROUND**

On February 27, 2008, the Government charged the Petitioner by way of an Indictment [DE 1] with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 11, a Plea Agreement [DE 16], which was signed by the Petitioner, defense counsel, and the

Government, was filed in this case. On July 15, the Court conducted a Change of Plea Hearing [DE 18], at which the Petitioner appeared in person and by counsel. After informing the Petitioner of the various matters (including the terms of the Plea Agreement waiving his right to appeal and to collaterally attack his sentence) required by Federal Rule of Criminal Procedure 11(b)(1), after ensuring that the Petitioner understood these matters and that his plea was knowingly and voluntarily entered, and after a factual basis for his plea was established, the Court accepted his plea of guilty to the single count of the Indictment, and adjudged him guilty of the offense.

The Petitioner through counsel presented several objections to the Presentence Investigation Report (the Report or PSR). On October 8, 2008, the Court issued a Sentencing Memorandum [DE 26] overruling the Petitioner's objections to the PSR as to his criminal history. The Court withheld ruling on his objection to the four-point assessment for his cocaine possession as a specific offense characteristic of his felon-in-possession offense and directed the parties to file briefs on the issue. On October 29, the Government filed its Argument in Support of Propriety of Enhancement Under U.S.S.G. § 2K2.1(b)(6) [DE 29], and on November 5, the Petitioner through counsel filed his Argument in Opposition to Sentencing Under USS[G] § 2K2.1(6)(C) [DE 30]. On November 17, the Court issued a Sentencing Memorandum [DE 31] overruling the Petitioner's objection to the four-point assessment for his cocaine possession as a specific offense characteristic. In its Sentencing Memorandum, the Court addressed the Petitioner's claim that the cocaine was for personal use, considered the applicable legal standards, and concluded that the Government had sustained its burden and demonstrated that the Petitioner's possession of the firearm was connected with his felonious possession of crack

cocaine. On November 17, the Court sentenced the Petitioner to a term of seventy-seven months imprisonment, and on November 18, the Court's Judgment [DE 34] was entered. The Petitioner did not take a direct appeal, but on November 2, 2009, he filed his *pro se* Motion under 28 U.S.C. § 2255.

## DISCUSSION

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court directs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). "[R]elief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In his Motion, the Petitioner presents three grounds for his claim that he is being held in

3

violation of the Constitution and laws of the United States. First, he argues that his counsel provided ineffective assistance by failing to adequately brief the issue of the Petitioner's possession of cocaine as a specific offense characteristic and to inform the Court of the Petitioner's cocaine habit. Second, he contends that four points were wrongly assessed in the PSR, that the Report failed to acknowledge his drug use habit, and that possession of a firearm while engaged in the casual use of drugs does not give rise to an inference that the drugs and the firearm are connected. Third, he asserts that the Government's memorandum lacked evidence to support the four-point assessment and that the Government did not show that the firearm was used in connection with the drugs. The Government has responded by arguing that the waiver provision of the Plea Agreement bars the action.

The Seventh Circuit has recognized the validity of waivers, such as the waiver provision in the Plea Agreement in this case between the Petitioner and the Government, and courts will enforce such provisions unless there is a claim that the waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In the context of a defendant's waiver of the right to appeal, which was agreed to in a plea agreement, the Seventh Circuit has observed that "[i]t is well-settled . . . that defendants may waive their right to appeal as part of a written plea agreement, and [the Seventh Circuit] ha[s] consistently upheld valid appeal waivers and dismissed the appeals taken in contravention." *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997). In fact, the Seventh Circuit recently addressed the issue of such waiver provisions, explaining as follows:

> It is well-settled that appellate waivers in plea agreements are generally enforceable. *United States v. Emerson,* 349 F.3d 986, 988 (7th Cir. 2003); *see United States v. Nave,* 302 F.3d 719, 720-21 (7th Cir. 2002). . . . For the waiver to be enforceable, the disputed appeal must fall within its scope. *See United States v.*

4

> *Vega,* 241 F.3d 910, 912 (7th Cir. 2001) (per curiam). We will enforce an appellate waiver if its terms are "express and unambiguous," *see United States v. Woolley,* 123 F.3d 627, 632 (7th Cir. 1997), and the record shows that the defendant "'knowingly and voluntarily'" entered into the agreement. *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001) (quoting *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir. 1999)).
>
> To determine if a defendant knew and understood the plea agreement, we must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge. *Woolley,* 123 F.3d at 632; *see also United States v. Sura,* 511 F.3d 654, 661 (7th Cir. 2007) (the district court must inform the defendant of an appellate waiver during the Rule 11 colloquy). A plea agreement is a type of contract subject to contract law principles, but limited by constitutional considerations. *See United States v. Bownes,* 405 F.3d 634, 636 (7th Cir. 2005). We interpret the terms of the agreement according to the parties' reasonable expectations and construe any ambiguities against the drafter—the government—and in favor of the defendant. *See Vega,* 241 F.3d at 912; *accord United States v. Stearns,* 479 F.3d 175, 178 (2nd Cir. 2007); *United States v. Speelman,* 431 F.3d 1226, 1231 (9th Cir. 2005).

*United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009). *See also United States v. Lockwood*, 416 F.3d 604, 607–08 (7th Cir. 2005), *and Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999) (appeal waiver is valid where it is express and unambiguous and where the record reflects that it was made knowingly and voluntarily). When a sentencing court engages a defendant in a detailed colloquy pursuant to Federal Rule of Criminal Procedure 11 and discusses with the defendant his rights and the consequences of his guilty plea, the testimony of the defendant at that hearing is accorded a "presumption of verity." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). *Cf. United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (stating that a "defendant who simply asserts that his plea was not voluntary, in contradiction of his testimony at the plea hearing, . . . faces 'a heavy burden of persuasion'") (quoting *Ellison*, 835 F.2d at 693). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary," *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002), and courts may consider a defendant's signature on the plea agreement and his statements during the plea

colloquy as evidence of a knowing and voluntary waiver, *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001). Once a sentencing court determines that a defendant's plea agreement is entered into voluntarily and with full knowledge of its terms, the appeal waiver must be enforced. *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008) ("Because the plea was voluntary, the waiver of appeal must be enforced.") (citing *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995)).

Similarly, for waivers of the right to bring a collateral attack under § 2255, the Seventh Circuit has explained that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims [(such as, whether the waiver was knowing and voluntary and whether counsel provided ineffective assistance in connection with negotiating the agreement)] which relate directly to the negotiation of the waiver." *Jones,* 167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* and affirmed a district court's decision dismissing a defendant's § 2255 petition based upon the defendant's waiver of his right to seek post-conviction relief. The Seventh Circuit determined that the defendant had not challenged the voluntariness of the waiver in his plea agreement and that his challenge had "nothing to do with the issue of a deficient negotiation of the waiver." *Id.*

Because the Motion, the files, and the records in this case conclusively demonstrate that the Petitioner is not entitled to relief, the Court will decide this matter without an evidentiary hearing. As noted above, the Petitioner entered into a Plea Agreement with the Government. In Paragraph 6 of the agreement, the Petitioner expressed his understanding that the Court would determine the applicable sentencing guideline range under the United States Sentencing

6

Guidelines, that the Court would determine all factual and legal matters relevant to the application of the advisory Guidelines, and that the specific sentence to be imposed would be determined by the Court after considering the PSR, input from defense counsel and the Government, the federal sentencing statutes, and the Guidelines. In Paragraph 7(f), he expressed his understanding that "the law gives a convicted person the right to appeal the conviction and the sentence imposed," that "no one can predict the precise sentence that will be imposed," and that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement." (Plea Agreement ¶ 7(f), DE 16.) Paragraph 7(f) continued:

> [W]ith this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 7(f), DE 16.) In the Plea Agreement, the Petitioner also stated his belief that his "lawyer ha[d] done all that anyone could do to counsel and assist [him], and that [he] . . . underst[oo]d the proceedings in this case against [him]." (Plea Agreement ¶ 10, DE 16.) He also declared that he "offer[ed] [his] plea of guilty freely and voluntarily and of [his] own accord," and that "no promises ha[d] been made to [him] other than those contained in this agreement, nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement." (Plea Agreement ¶ 11, DE 16.)

As noted above, on July 15, 2008, the Court conducted a Change of Plea Hearing, at

which the Court engaged the Petitioner in a detailed colloquy regarding the terms of the Plea Agreement, his waiver of his rights, and his knowing and voluntary entry of his guilty plea. Early in the hearing, the Petitioner expressed his understanding that he could confer with counsel at any point in the proceeding and that it was very important that he understood each question of the Court before he answered. After swearing the Petitioner, the Court inquired about the Petitioner's competence and found that the Petitioner was able to understand the significance of the proceeding and was competent to continue with his change of plea. The Petitioner attested that he had ample opportunity to discuss his case with counsel, that he was fully satisfied with counsel's representation and advice, that there were no terms in the Plea Agreement that he did not understand, that no one had made any promises or assurance to persuade him to accept the Plea Agreement that were not in the Plea Agreement, and that no one had threatened him to accept the Plea Agreement. The Court then entered into an extensive dialogue with the Petitioner regarding his understanding of specific terms of the Plea Agreement, including his waivers in Paragraph 7(f). The Court asked the Petitioner if he understood that Paragraph 7(f) would prohibit him "from collaterally attacking through a habeas corpus petition [his] conviction or sentence and the manner in which [his] conviction and sentence [were] imposed," (Hr'g Tr. 8), and he answered in the affirmative. The Court emphasized this point by asking him if he had any question about "giving up the right to attack [his] conviction or sentence through a habeas corpus proceeding," (Hr'g Tr. 8), and he answered in the negative. The Court also inquired whether he understood that, in Paragraph 7(f), he was "agreeing to give up any right [he] may have to claim ineffective assistance of legal counsel, unless that claim relates directly to this appellate waiver, that is, this specific provision of the plea agreement or its negotiation," (Hr'g Tr. 9), and he

affirmed his understanding. The Petitioner then indicated that he had no questions about that term. The Petitioner also stated that he was pleading guilty of his own free will. Later in the plea colloquy, the Court asked the Petitioner whether he understood that the sentence the Court ultimately imposed could be different from any estimate that his attorney may have given him, and he answered in the affirmative. The Court again revisited the matter of the Petitioner's waiver of his rights "to appeal and collaterally attack all or part of his sentence," (Hr'g Tr. 14), and the Petitioner affirmatively expressed that he was agreeing to those terms. He also affirmed his understanding that these waivers are generally valid and that he would likely be prevented from appealing his sentence and challenging it through habeas corpus. After being advised of his various rights and indicating that he had no questions, the Petitioner stated that he still wanted to plead guilty. In setting forth its evidence in this case, the Government referred to both the cocaine and the firearm that were found in the Petitioner's vehicle in plain view, and the Petitioner stated that he agreed with the Government's summary of the evidence. The Court then found that the Petitioner was "fully competent and capable of entering an informed plea" and "is aware of the charge and consequences of the plea," and that his plea of guilty "is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Hr'g Tr. 25.) Thus, the Petitioner entered a plea in this case in conformity with both constitutional guidelines and the requirements of Federal Rule of Criminal Procedure 11.

The Petitioner does not challenge the waiver provision. He does not contend that the Plea Agreement was not made voluntarily, knowingly, and intelligently. In addition, he does not allege that his counsel was ineffective with regard to the negotiation of the waiver provision.

Thus, he has wholly failed to establish that the waiver provision was not knowingly or voluntarily made and to demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver provision. The waiver provision, therefore, is valid and enforceable, and the Petitioner waived his right to file his Motion Under 28 U.S.C. § 2255. Consequently, the Petitioner's waiver bars this challenge to his sentence and to the effectiveness of his counsel's assistance. Accordingly, the Court, having considered the Petitioner's Motion, the submissions, and the record in this matter, will deny the Petitioner's Motion Under 28 U.S.C. § 2255 without reaching the merits of his claim. The same result obtains on the Petitioner's request to amend the Judgment to have his federal sentence run concurrently with a sentence ordered by a state court.[1]

**CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make "a substantial showing of the denial of a constitutional right" by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). When a district court dismisses a petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

---

[1] The Court also notes that the seven-day period to correct a sentence under Federal Rule of Criminal Procedure 35(a) has passed and that the Government has filed no timely motion under Rule 35(b).

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. However, additional argument is not necessary here. Given the Petitioner's knowing and voluntary waiver of his rights to appeal and to collaterally attack his sentence, the Petitioner cannot make the necessary showing as no reasonable jurist would find it debatable whether this Court was correct in its ruling on his Motion. Consequently, the Court will deny a certificate of appealability as to the Petitioner's Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 39-2] and DISMISSES his case challenging the Court's sentence. The Court DENIES a certificate of appealability as to the Petitioner's Motion. The Petitioner may seek a certificate of appealability from the court of appeals under Federal Rule of Appellate Procedure 22.

SO ORDERED on January 25, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA